MICHAEL L. TRACY, ESQ., SBN 237779
mtracy@michaeltracylaw.com
MEGAN ROSS HUTCHINS, ESQ., SBN 227776
mhutchins@michaeltracylaw.com
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff BRYAN THOMPSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYAN THOMPSON, an individual, on behalf of himself and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney General<br><br>Plaintiff,<br><br>vs.<br><br>APM TERMINALS PACIFIC LTD, A CALIFORNIA CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:10-cv-00677-JSW<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO STRIKE**<br><br>Hearing Date: July 2, 2010 9:00AM<br>Judge: Hon. Jeffrey S. White<br>Depart: 11<br><br>Date Filed: February 17, 2010<br>Trial Date: NONE SET |

# MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

Defendant attempts to distinguish *Twombly* and *Iqbal* by arguing that Rule 8 only applies to "complaints." However, Rule 8(a) applies to any "pleading that states a claim for relief." Given that Defendants' answer specifically asks for "relief" (See page 28, ¶5 "For such other and further relief as the Court deems just and proper"), it is clear that this pleading falls under Rule 8(a) and that Rule 8(a)(2) is thus applicable. Defendant cannot simultaneously request relief from this Court and refuse to follow the rules for requesting such relief.

In addition, the only reason why *Twombly* and *Iqbal* did not address answers is because that issue was not before the Court. However, the reasoning of both of those cases shows that the Court would apply the same reasoning for answers. The answer at issue here is particularly egregious because it lists some sixty-one affirmative defenses that contain nothing more than bald-faced legal conclusions. The underlying goal of *Twonbly* and *Iqbal* was to eliminate meritless issues at the pleading stage so that discovery could be conducted into meaningful avenues. Requiring Plaintiff to conduct discovery into sixty-one affirmative defenses that have no applicability to this lawsuit is the exact situation that *Twombly* and *Iqbal* came down firmly against.

Finally, Defendant has cited no authority for their attorney's fees request and provided no justification for "admitting" a fact that was not in the Complaint. As such, these portions of the answer should be stricken.

### B. Numerous district courts have held that *Twombly* and *Iqbal* apply to affirmative defenses and egregious use of an excess number of clearly inapplicable affirmative defenses warrants their application in this case.

Defendant has cited a number of district courts that refused to apply *Twombly* and *Iqbal* to affirmative defenses. However, Plaintiff can cite just as many where the requirement to plead actual facts rather than legal conclusions has been applied. See *Burns v. Dodeka, LLC*, 2010 U.S. Dist. LEXIS 48525 (N.D. Tex. May 11, 2010). *Pena v. Coastal*

*QSR LLC*, 2010 U.S. Dist. LEXIS 43461 (M.D. Fla. May 4, 2010). However, it should be noted that the Seventh Circuit has long applied the rule that affirmative defenses are subject to all the requirements of pleadings. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. Ill. 1989). The reasoning is that removing frivolous affirmative defenses helps to "remove unnecessary clutter from the case" and thus streamline the litigation. *Id*. The Fourth Circuit has adopted a similar rule that affirmative defenses that do not state sufficient facts should be removed in order to streamline litigation. *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. Va. 2001).

Here, the sixty-one affirmative defenses can only be seen as "unnecessary clutter." Defendant has not even attempted to amend their answer to include any actual facts to support these defenses. Defendant's numerous frivolous defenses are not warranted by the facts plead in this case. For example, Defendant pleads that Plaintiff's claims are "barred by the doctrine of consent." (Answer p.20:21-22). With no additional facts, it is impossible to tell what this defense could be referring to. What did Plaintiff consent to? This is a suit about Labor Code violations. It is well established that an employee cannot "consent" to working overtime without being paid for it or for other violations of the Labor Code. *County of Riverside v. Superior Court*, 27 Cal. 4th 793, 805 (2002). Without knowing what it was the Plaintiff consented to, this defense is completely meaningless. The other defenses for "unclean hands," "avoidable consequences," and "ratification" are all equally meaningless. As such, all of Defendant's affirmative defenses should be stricken because they fail to provide any factual basis to determine if they are even applicable to this case.

**C. Defendants have failed to cite any authority that entitles them to attorney's fees and the very statute that they do cite specifically excludes claims for unpaid overtime.**

In support of their claim for attorney's fees, Defendant cites Labor Code § 218.5 and Labor Code § 203. Labor Code § 203 does not contain an attorney's fees provision, so it is not clear how this would support a claim for attorney's fees. Labor Code § 218.5 contains an attorney's fees provision, but that statute is specifically not applicable to claims for

unpaid overtime. In particular, the section states that it "does not apply to any action for which attorney's fees are recoverable under Section 1194." Section 1194 covers claims for "the legal overtime compensation." As such, Labor Code § 218.5 does not apply to this case. As Defendant has failed to state any valid authority to support its claim for attorney's fees, this request must be stricken as immaterial.

To the extent that Plaintiff has plead claims under Cal. Business and Professions Code § 17200 *et seq*, these are not claims for "wages" but are instead claims for "restitution." *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1000 (2009). As Cal. Business and Professions Code § 17200 *et seq* does not provides for attorney's fees to a successful defendant, Defendant is left without any basis for its claim for attorney's fees.

**D. The Private Attorney General Act claims are not subject to release or offset because the other employees had no right to release claims belonging to the State of California.**

The problem with Defendant not pleading any facts with their affirmative defenses is specifically highlighted by the arguments that they now make in their opposition. In particular, although they nowhere allege in their answer that other employees executed releases of their claims, they now argue that such releases would bar the Private Attorney General Act claims in this lawsuit. Of course, the proper time for this Court to address this issue is after Defendant has amended their answer to include these "facts" in the pleading.

However, assuming the Court wishes to address the issue based on "facts" that were only supplied by Defendant's counsel in argument and are nowhere in the pleadings, the defense would still be insufficient because Private Attorney General Act claims belong to the State of California and not to the individual employees.

**1. The Private Attorney General Act gives an employee the right to sue for all labor violations committed by a company the same way an Attorney General would.**

California adopted a novel approach to enforcing the Labor Code when it enacted the Private Attorney General Act ("PAGA") of 2004, codified in Cal. Lab. Code § 2698, et

-3-
PLAINTIFF'S REPLY TO MOTION TO STRIKE

seq. This law allows a private citizen to pursue civil penalties on behalf of the State of California Labor and Workforce Development Agency ("LWDA") provided the formal notice and waiting procedures of the law are followed.

Unlike so called "private attorney general" suits that usually refer to some type of unfair competition claim, the PAGA gives a private citizen the right to pursue fines that would normally only be available to the State of California. As such, it truly allows a private citizen to act as an attorney general. Arias v. Superior Court, 46 Cal. 4th 969, 986 (2009). Any resulting civil penalties are split between the LWDA and the named plaintiffs in the lawsuit, with the LWDA receiving 75% of the penalties and the employee receiving 25%. Cal. Lab. Code § 2699(i), *Ochoa-Hernandez v. CJADERS Foods, Inc.*, 2010 U.S. Dist. LEXIS 32774, *12 (N.D. Cal. Apr. 2, 2010).

In essence, an aggrieved employee is deputized to act as a Private Attorney General if he first informs the LWDA of the alleged violations and the LWDA does not pursue the allegations or does not issue a citation within certain time periods. Cal. Lab. Code § 2699.3. As a Private Attorney General, the aggrieved employee is allowed to seek civil penalties not only for violations that he personally suffered but also for violations of "other current or former employees." Cal. Lab. Code § 2699(a). *De Simas v. Big Lots Stores, Inc.*, 2007 U.S. Dist. LEXIS 19257 (N.D. Cal. 2007)

The nature of these additional claims is that of an enforcement action, with the private citizen acting as an attorney general. *Dunlap v. Superior Court*, 142 Cal. App. 4th 330, 337 (2006). The named employee in the complaint is suing on "behalf" of the other employees only to the same extent that an Attorney General sues on "behalf" of the People. *Dix v. Superior Court*, 53 Cal. 3d 442, 451 (1991). It is not necessary to join every citizen of the State of California into every lawsuit in which the "People" are a party, nor are there any common claims between the Attorney General prosecuting the claim and those injured people on whose behalf he brings the lawsuit.

1       As such, the fact that employees may have released their own individual right to
2 wages or have been paid some or even all of those wages after separating from employment
3 does not change the fact that the law was violated when the wages were not paid to the
4 employee on the next pay day. Cal. Lab. Code § 204. As soon as that criminal act was
5 committed, the State of California had the right to collect civil penalties from Defendant.
6 The fact that the employee might later be paid his wages or sign a release does not impact
7 that State of California's interest in the least.

8       Thus, even if Defendant is allowed to amend their answer to include "facts" that
9 other employees signed releases or received "severance" payments, it would not reduce the
10 amount owed in this lawsuit by anything. The State of California has deputized Mr.
11 Thompson to collect these penalties on their behalf, and no private agreement between
12 individuals can alter this. Of course, if Defendant does allege facts that the State of
13 California entered into a release agreement, then it could bar the claims. However, until
14 Defendant pleads actual facts, it is impossible to determine what, if anything, the vague
15 references to "releases" and "severance agreements" are.

### E.    Conclusion

Defendant put together a boiler-plate answer with nothing but general and vague assertions of legal conclusions. An answer is required to state clear and concise facts that support each element of any asserted affirmative defense. Plaintiff respectfully requests that this motion be granted with leave to file an amended answer with clear and concise statements of fact.

DATED: June 7, 2010                              LAW OFFICES OF MICHAEL TRACY

                                            By: _____/S/_____
                                                     MICHAEL TRACY, Attorney for Plaintiff
                                                       BRYAN THOMPSON