IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRYAN THOMPSON,

    Plaintiff,

v.

APM TERMINALS PACIFIC LTD,

    Defendant.

No. C 10-00677 JSW

**ORDER DENYING MOTION TO STRIKE AND SETTING DATE ON FILING OF FIRST AMENDED ANSWER**

Now before the Court is the motion to strike filed by Plaintiff Bryan Thompson. The motion seeks to strike portions of Defendant APM Terminals Pacific Ltd's answer. The Court finds that this matter is suitable for disposition without oral argument and accordingly VACATES the hearing date of July 2, 2010. *See* N.D. Civ. L.R. 7-1(b). The Court also CONTINUES the case management conference to August 6, 2010 at 1:30 p.m. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's motion to strike portions of the answer.

**BACKGROUND**

Plaintiff was employed by Defendant from January 22, 2006 through December 31, 2009. On behalf of himself and other current or former employees, he makes claims for overtime compensation, failure to itemize wage statements, waiting time penalties, liquidated damages, violations of California's unfair competition law, and a range of civil penalties. In its answer, Defendant asserts sixty-one affirmative defenses. Plaintiff moves to strike fifty-nine

1 defenses as well as phrases in the answer and the prayer for relief for attorneys' fees.

2 The Court will address additional facts as necessary in the remainder of this order.

## ANALYSIS

**A. Legal Standard on Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(f).**

Under Rule 12(f), a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*.

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *California Dept. of Toxic Substances Control*, 217 F. Supp. at 1028. Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Colaprico*, 758 F. Supp at 1339.

**B.     Motion to Strike Affirmative Defenses.**

On the basis that the defenses fail "to specify facts sufficient to constitute a defense," Plaintiff purports to move to strike the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, thirty-eighth, thirty-ninth, fortieth, forty-first, forty-second, forty-third, forty-fourth, forty-fifth, forty-sixth, forty-seventh, forty-eighth, forty-ninth, fiftieth, fifty-first, fifty-second, fifty-third, fifty-fourth, fifty-fifth, fifty-sixth, fifty-seventh, fifty-eighth, fifty-ninth, sixtieth, and sixty-first affirmative defenses in Defendant's answer to Plaintiff's first amended complaint.

Plaintiff argues that the affirmative defenses alleged must be based on more than a formulaic recitation of the elements, similar to the standard for the Plaintiff's affirmative causes of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the standard in *Twombly* refers to the elements of a cause of action and requires that a plaintiff provide the grounds of his entitlement to relief. The affirmative pleading must contain "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. The *Twombly* Court did not address the sufficiency of claimed affirmative defenses and this Court does not find that a defense which alleges nothing more than a legal assertion must be stricken as insufficient. However, the legal assertion must be relevant to the claims at issue in the matter.

Although Plaintiff moves to strike fifty-nine of Defendant's affirmative defenses, the motion only substantively addresses four of those defenses. The Court shall address only those defenses: (1) avoidable consequences (forty-third defense); (2) laches (ninth defense); (3) failure to mitigate damages (fourth defense); and (4) offset (thirty-third defense).

Under California law, a plaintiff may not recover damages that he could have easily avoided. *See Strebel v. Brenlar Investments, Inc.*, 135 Cal. App. 4th 740, 753 (2006). Because, Defendant argues, Plaintiff here could have taken reasonable steps to alert Defendant that he

3

was entitled to overtime and meal breaks or that he had received inaccurate pay stubs, there is at least a plausible argument that this defense would succeed. The same general analysis may apply to Defendant's affirmative defense for failure to mitigate. *See Green v. Smith*, 261 Cal. App. 2d 392, 396 (1996).

Further, the equitable defense of laches may be an available defense under Plaintiff's claim for violation of the California Business and Professions Code § 17200. *See e.g., Saul Zaentz Co. v. Wozniak Travel Inc.*, 627 F. Supp. 2d 1096, 1109 (C.D. Cal. 2008) (citing cases).

Lastly, should Plaintiff pursue his claim on behalf of a class of aggrieved employees, Defendant may argue that severance agreements containing general releases signed by such former employees may offset recovery in this action. To the extent such an argument is asserted, the Court may address such argument at the appropriate time. Accordingly, the Court DENIES the motion to strike as to the forty-third, ninth, fourth and thirty-third defenses. Because the motion does not substantively address the remaining defenses it seeks to strike, the Court DENIES the motion as to those defenses as well.

Additionally, Plaintiff moves to strike every reference to the phrase "Defendant APM admits only that Plaintiff was properly paid in accordance with his exempt status classification for wage and hour purposes based on Defendant's understanding of the nature and scope of his duties." This position is the Defendant's right to assert and the motion to strike the assertion is DENIED.

Plaintiff also moves to strike the phrase "and that Plaintiff was properly paid in accordance with his exempt status classification for wage and hour purposes based on Defendant's understanding of the nature and scope of his duties." Again, this position is the Defendant's right to assert and the motion to strike this assertion is DENIED.

Lastly, Plaintiff moves to strike the prayer for reasonable attorneys' fees. The Court finds this premature as the full record of the claims and potential defenses has not been fully developed. Defendant must assert the claim to preserve it.

In the joint case management statement dated June 24, 2010, the parties stipulate to give Defendant leave to file a First Amended Answer asserting an additional affirmative defense that

4

Plaintiff and the putative aggrieved employees he purports to represent were and are properly classified as exempt from any overtime compensation requirements. (*See* Case Management Statement at 4.) The Court ORDERS that Defendant file its First Amended Answer no later than July 16, 2010. As the Court (and Plaintiff) has not substantively addressed the large number of currently-asserted affirmative defenses on the merits, the Court exhorts Defendant to examine carefully each of its potential affirmative defenses to determine whether, in fact, in light of Plaintiff's actual claims made in this matter, each of the asserted defenses is necessary and relevant. The proceedings should proceed only on those claims and defenses with substantive merit.

## CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Plaintiff's motion to strike portions of the answer. Defendant shall file its First Amended Answer by no later than June 24, 2010.

**IT IS SO ORDERED.**

Dated: June 29, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE