**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN THOMPSON, | |
| Plaintiff, | No. C 10-00677 JSW |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL WITH PREJUDICE** |
| APM TERMINALS PACIFIC, LTD., | |
| Defendant. | |

Now before the Court for consideration is the motion to set aside the dismissal with prejudice, filed by Plaintiff Bryan Thompson ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and finds the matter suitable for disposition without oral argument.[1] *See* N.D. Civ. L.R. 7-1(b). The hearing set for December 17, 2010 is VACATED, and the Court GRANTS Plaintiff's motion.

On October 6, 2010, the parties in this case submitted a stipulation to continue the case management conference, in which Plaintiff stated his intention to re-file his case in state court and to dismiss this lawsuit. This proposed stipulation was consistent with representations Plaintiff previously made to Defendant. (*See* Docket Nos. 45, 47.) However, on that same date, Plaintiff also submitted a stipulation of dismissal to the Court, in which the parties "agreed" that this case would be dismissed with prejudice. The Court granted that stipulation on the same day, and the case was closed.

---

[1] On November 8, 2010, Defendant filed a motion to strike certain portions of Plaintiff's reply brief. The new argument raised on reply was not necessary to resolving this motion. Further, the Court is keenly aware from Defendant's conduct that it did not – and does not – concur with Plaintiff's course of action. The Court concludes that no response to the motion to strike is necessary and it is DENIED AS MOOT.

1    Pursuant to Federal Rule of Civil Procedure 60(b)(1), Plaintiff now seeks to vacate the
2 order of dismissal with prejudice, on the basis that the stipulation of dismissal should have
3 reflected that the case was to be dismissed *without* prejudice. According to Plaintiff, the error
4 occurred when his counsel's paralegal sent the erroneous stipulation to counsel and
5 subsequently filed it with the Court before she had counsel review the document for accuracy.
6 (Declaration of Virginia Tomlinson, ¶¶ 2-5; Declaration of Megan Ross Huutchins, ¶¶ 3-7.)

7    Under Rule 60(b)(1), a court may "relieve a party or a party's legal representative from
8 a final judgment, order or proceeding" ... based on "mistake, inadvertence, surprise, or
9 excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Engleson v. Burlington Northern
10 Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("To qualify for relief under Rule 60(b)(1),
11 the movant must demonstrate mistake, inadvertence, surprise, or excusable neglect.")
12 (quotations and citation omitted). The rule "guides the balance between the overriding goal of
13 deciding cases correctly, on the basis of their legal and factual merits, with the interest of both
14 litigants and the courts in the finality of judgments." *TCI Group Life Ins. Plan v. Knoebber*,
15 244 F.3d 691, 695 (9th Cir. 2001) (citing *Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th
16 Cir. 1985)). This rule fashions the balance by limiting the reasons upon which relief from
17 judgment may be granted and by setting the time by which a party may seek relief, while also
18 providing district courts "with discretion within those limits to undo the finality of judgments in
19 order to reach the merits of questions that have been decided wrongly or not at all." *Id.*

20    As noted above, the case management conference statement and the stipulation to
21 continue the case management conference contained statements that were inconsistent with the
22 stipulation of dismissal. Further, Defendant has submitted email correspondence from its
23 counsel, in which counsel stated that "[s]hould Plaintiff dismiss the federal action and re-file in
24 state court *as planned*, the discovery will become moot in any event." (Declaration of Sabrina
25 Beldner, Ex. 2 (emphasis added).)[2] Based on the discrepancies in these documents, Plaintiff has

---

[2]  In light of this correspondence, and Plaintiff's clear intention to pursue his claims in state court, the Court finds Defendant's argument that it was not aware of Plaintiff's intention to dismiss the case *without* prejudice to be disingenuous.

2

1 just barely demonstrated sufficient facts to establish mistake and inadvertence. Accordingly,
2 Plaintiff's motion is granted, in part.
3      The Court, however, cannot force Defendant to stipulate to a dismissal without prejudice
4 over its objections. Accordingly, the Court HEREBY VACATES its order approving the
5 stipulation of dismissal. Plaintiff shall file a properly noticed motion to dismiss this case
6 without prejudice.
7      **IT IS SO ORDERED.**
8 Dated: November 10, 2010

                JEFFREY S. WHITE
                UNITED STATES DISTRICT JUDGE