United States District Court
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9   BRYAN THOMPSON,

10              Plaintiff,                        No. C 10-00677 JSW
                                                  No. C 10-04991 JSW
11       v.

12  APM TERMINALS PACIFIC LTD,                    **ORDER GRANTING MOTION TO
                                                  AMEND; DISMISSING CASE;**
13              Defendant.                        **DENYING AS MOOT MOTION
                                                  TO CONSOLIDATE RELATED
14                                                CASE; AND *SUA
                                                  SPONTE* REMANDING RELATED**
15                                                **MATTER TO STATE COURT**
                                   /
16

17          Now before the Court is the motion to amend filed by Plaintiff Bryan Thompson and the

18  motion to consolidate related matters filed by Defendant APM Terminals Pacific Ltd.  The

19  motion seeks to eliminate a cause of action under the Fair Labor Standards Act ("FLSA").  The

20  Court finds that this matter is suitable for disposition without oral argument and accordingly

21  VACATES the hearing date of January 21, 2011.  *See* N.D. Civ. L.R. 7-1(b).  Having carefully

22  reviewed the parties' papers and considered their arguments and the relevant legal authority,

23  and good cause appearing, the Court hereby GRANTS Plaintiff's motion to amend; DISMISS

24  this matter; DENIES as moot the motion to consolidate the related matter (case no. 10-4991

25  JSW); and *sua sponte* REMANDING the related matter to state court.

26                               **BACKGROUND**

27          Plaintiff was employed by Defendant from January 22, 2006 through December 31,

28  2009.  On behalf of himself and other current or former employees, he makes claims for

1   overtime compensation, failure to itemize wage statements, waiting time penalties, liquidated

2   damages, violations of California's unfair competition law, and a range of civil penalties.

3          In its answer to the amended complaint, Defendant asserted numerous affirmative

4   defenses and Plaintiff moved to dismiss certain of the defenses.  In its order denying Plaintiff's

5   second motion to strike , the Court noted that Plaintiff's claim under the California Labor Code

6   Private Attorney General Act ("PAGA"), when filed in federal court as a class action, would

7   require compliance with Federal Rule of Civil Procedure 23.  (*See* Order dated August 26, 2010

8   at 3 (citing *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct 1431, 1437

9   (2010); *see also Benitez v. Wilbur*, 2009 WL 498085, *9-10 (Feb. 26, 2009))).

10          In response, Plaintiff reconsidered whether to continue to pursue his PAGA claim and,

11   in a series of confused and contorted procedural maneuvers and fumbles, failed to dismiss the

12   claim without prejudice to refiling in state court.  Thereafter ensued a veritable onslaught or

13   procedural posturing and manipulation from both parties.  The procedural history of this and the

14   related matter (10-4991 JSW) is well-known to the parties and hardly worth the effort of

15   repeating.  Regardless, now before the Court is Plaintiff's motion to amend his original

16   complaint to omit the federal claim, a related case removed from state court by Defendant, a

17   motion to consolidate the related actions, as well as a partially-briefed motion to remand the

18   related action and a motion for partial summary judgment, a motion to continue or deny the

19   motion for partial summary judgment, and an outstanding discovery dispute.

20          The Court will address additional facts as necessary in the remainder of this order.

21                                              **ANALYSIS**

22   **A.      Plaintiff's Motion to Amend the Complaint.**

23          **1.      Legal Standard on Motion to Amend.**

24          Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend their complaint, after

25   a responsive pleading has been served, by leave of court or by consent of the adverse party.

26   Rule 15(a) provides that leave to amend "shall be freely given."  *See* Fed. R. Civ. Proc. 15(a).

27   The Ninth Circuit has stated that "[r]ule 15's policy of favoring amendments to pleadings

28   should be applied with 'extreme liberality.'"  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

**United States District Court**
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1    1981).  Four factors are considered to determine whether a motion for leave to file an amended

2    complaint should be granted: bad faith; undue delay; prejudice to the opposing party; and

3    futility of amendment.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

4    While these "factors are usually used as criteria to determine the propriety of a motion for leave

5    to amend ... the crucial factor is the resulting prejudice to the opposing party."  *Howey v. United*

6    *States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

            **2.      Plaintiff May Amend to Eliminate Federal Claim.**

8            Regardless of the tortured and convoluted procedural process by which the parties have

9    arrived at this place, the Court finds that Plaintiff may amend his complaint to allege only those

10   causes of action he intends to pursue.  There is no evidence of bad faith, delay or futility.  The

11   only prejudice is the wasted expenditure of attorneys' fees, but, as the Court finds it lacks

12   subject matter jurisdiction over this and finds the related case appropriate for remand to state

13   court, the prejudice of paying attorneys' fees shall be borne equally by both parties and no

14   award of fees is appropriate.

15   **B.      Removal Jurisdiction, *Sua Sponte* Remand of Related Action and Moot Motions.**

16          "[A]ny civil action brought in a State court of which the district courts of the United

17   States have original jurisdiction, may be removed by the defendant ... to the district court of the

18   United States for the district and division embracing the place where such action is pending."

19   *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation

20   omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction.

21   *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  An action

22   originally filed in state court may be removed to federal court only if the district court could

23   have exercised jurisdiction over such action if initially filed there.  28 U.S.C. § 1441(a);

24   *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).  A district court must remand the case if

25   it appears before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C.

26   § 1447(c).  Accordingly, the burden of establishing federal jurisdiction for purposes of removal

27   is on the party seeking removal.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.

28   2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, a court must

United States District Court

For the Northern District of California

1    construe the removal statute strictly and reject jurisdiction if there is any doubt regarding

2    whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also*

3    *Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right

4    of removal in the first instance.")

5         "The presence or absence of federal-question jurisdiction is governed by the 'well-

6    pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-

7    pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or

8    she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the

9    well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint

10   establishes either that federal law creates the cause of action or that the plaintiff's right to relief

11   necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*,

12   463 U.S. at 27-28.

13        District courts have inherent discretion to remand cases to state court *sua sponte* where

14   the court lacks subject matter jurisdiction or where there is a procedural defect in the removal

15   process. *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992). Here, the Court finds that it lacks

16   subject matter jurisdiction over the related action in this matter (10-4991 JSW), which is

17   essentially the same case re-filed in state court and then removed by Defendant. Accordingly,

18   the Court REMANDS that related action to the Superior Court of the State of California, in

19   the County of Alameda, thus rendering Defendant's current motion for consolidation moot.[1]

20                              **CONCLUSION**

21        For the foregoing reasons, the Court HEREBY GRANTS Plaintiff's motion to amend to

22   remove the FLSA claim in this action; DISMISSES the complaint for lack of federal

23   jurisdiction, and REMANDS the related case (10-4991 JSW) to state court to proceed on the

24   merits. The amount of waste generated by both counsel in this matter shall be shared equally,

25   with no award of attorneys' fees to either side. Ostensibly, the substantive work generated thus

26   _____

27        [1] In addition, the letter brief regarding a discovery dispute, the motion to strike the
     letter brief, the partially-briefed motion to remand and the motion for partial summary
28   judgment are all MOOT. Any substantive dispute that remains upon dismissal and remand
     shall be resolved by the Superior Court.

far can be restructured and re-filed in state court.  Counsel and the parties are exhorted to spend their time and resources more judiciously in the resolution of the actual controversy before the Superior Court of Alameda.

**IT IS SO ORDERED.**

Dated:  January 6, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

5